IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| **Tyrone Evans,** | Case No.: _____ |
| *Plaintiff,* | |
| v. | Ad Damnum: **$15,000 + Atty Fees and Costs** |
| **LVNV Funding, LLC** | |
| *Defendant.* | **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Tyrone Evans** ("Mr. Evans"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **LVNV Funding, LLC** ("LVNV") stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Evans against LVNV for violations of the Florida *Civil Remedies for Criminal Practices Act*, Florida Statute § 772.101, *et. seq.* ("**CRCPA**"), the *Florida Consumer Collection Practices Act*, Florida Statute § 559.55, *et. seq.* ("**FCCPA**") and the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the CRCPA, Florida Statute § 772.104, the FCCPA, Florida Statute § 559.77, and Florida Statute § 34.01.

3. LVNV is subject to the provisions of the FDCPA, FCCPA and CRCPA, and is subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, pursuant to Florida Statute § 47.051, because the acts complained of were committed and / or caused by the Defendant therein.

## PARTIES – Mr. Evans

5. **Mr. Evans** is a natural person who at all times relevant has resided in Tampa, Hillsborough County, Florida.

6. Mr. Evans is a *Consumer* as defined by 15 U.S.C. § 1692a(3) and Florida Statute § 559.55(8).

## PARTIES – LVNV

7. **LVNV** is a Delaware limited liability company with a primary business address of **6801 S. Cimarron Rd., Suite 424-J, Las Vegas, NV 89113**.

8. LVNV is registered to conduct business in the State of Florida, where its Registered Agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

9. LVNV is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("CCA"), holding license number **CCA9902540. SEE PLAINTIFF'S EXHIBIT A.**

10. As a licensed CCA, LVNV knows, or should know, the requirements of the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

### Avant Makes Illegal Loan to Mr. Evans

11. In or around June 2016, Mr. Evans obtained an installment loan (the "**Avant Loan**") from a predatory online lender, Avant, LLC ("**Avant**").

12. Mr. Evans used the proceeds of the loan to fund the purchase of household goods and services.

13. Thus, the Avant Loan arose from the purchase of goods and services which were primarily for family, personal, or household purposes, and therefore meets the definition of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, Florida Statute § 559.55(6).

14. The Avant Loan had a stated principal amount of $5,000.

15. The Avant Loan was, purportedly, funded through **WebBank,** a small, single-branch bank in Salt Lake City, Utah (the "**Debt**").

16. In June 2016, Avant's website, www.avant.com, advertised its "quick and easy" loans to consumers under a banner headline, "Fed up with fees? No origination fees on unsecured loans."

17. Although Avant charged no *per se* "origination fee," it did assess an "administrative fee" of $299.25 to Mr. Evans. This fee was disclosed in small print in a single paragraph of a 13-page loan agreement.

18. Thus, Mr. Evans received loan proceeds of $4,700.25 for his $5,000 loan with had, ostensibly, "no origination fee."

19. The interest rate on most Avant loans, was slightly under 36% annually. The exact annual percentage rate ("APR") on Mr. Evans' loan was, upon information and belief, 35.94%.

20. Florida Statue 687.071(2) renders loans made at interest rates between 25 to 45 percent per year a second-degree misdemeanor.

21. Florida Statute 687.071(7) indicates any such loan, and logically any debt stemming from such extension of credit, is void and unenforceable.

22. Thus, the loan made by Avant to Mr. Evans was thus *void ab initio. See Stubblefield v. Dunlap*, 148 Fla. 401, 4 So.2d 519 (1941); *Pushee v. Johnson*, 123 Fla. 305, 166 So. 847 (1936); *River Hills, Inc. v. Edwards*, 190 So.2d 415 (Fla. 2d DCA 1966). *Richter Jewelry Co. v.*

*Schweinert*, 169 So. 750, 758-59 (Fla. 1935) (criminally usurious loans are "void as against the public policy of the state as established by its Legislature.")

23. The Avant loan is therefore an "unlawful debt" per Florida Statute § 772.102(2).

24. Florida law prohibits any recover of the principal on such loans. *Rollins v. Odom*, 519 So. 2d 652, 656 (Fla. Dist. Ct. App. 1988).

### Avant Engages in Rent-a-Bank Scheme with WebBank

25. Avant is a Chicago-based "FinTech" business which makes loans to consumers at interest rates illegal in the vast majority of states.

26. In an effort to avoid state usury laws, Avant "partnered" with WebBank, a single-branch bank chartered in Utah, which has no maximum legal interest rate enshrined in its state law.

27. In such "rent-a-bank" schemes, predatory lenders like Avant make loans to consumers in states which prohibit usury, including Florida.

28. Avant then launders its loans through WebBank, an out-of-state bank that is not subject to state interest rate limits pursuant to the National Bank Act.

29. However, WebBank was not the true lender of Mr. Evans's loan.

30. Indeed, WebBank had virtually nothing to do with the marketing, underwriting, servicing, collection, and post-charge-off sale to defendant LVNV.

31. Moreover, at no point was any of WebBank's own capital actually at risk, nor did WebBank stand to profit, other than nominally, had Mr. Evans paid the loan in full.

32. As per Avant's business model, once WebBank "made" the loan to Mr. Evans, the loan was immediately assigned to Avant.

33. Avant then proceeded to attempt to collect the loan – including the usurious interest – from Mr. Evans.

34. However, Avant, a non-bank assignee of the Avant Loan, had no legal ability to collect the assessed interest. *See. Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. 2015).

35. Avant has been sued in the past for collection of an illegal loan and is thus aware that as a non-bank assignee of a loan, it does not share in the bank's exception from state usury laws. *See Martha Fulford, Administrator Uniform Consumer Credit Code v. Marlette, Wilmington Trust, NA, solely as trustee for certain trusts, Wilmington Savings Fund Society, and intervenor Cross River Bank*, case 17CV30376, Denver County, Colorado.

### LVNV Attempts to Collect Usurious Avant Loan from Mr. Evans

36. Mr. Evans made at least 11 payments totaling over $2,500 of payments on the Avant Loan between June 2016 and June 2017.

37. By November 2017, Avant claimed Mr. Evans owed $4,834 – *more than* the $4700.25 he had received from Avant – despite already having made at least $2,500 of payments in the first 12 months of the loan.

38. Around November 2017, Avant sold the Avant Loan to Sherman Originator LLC, a subsidiary of the Sherman Financial Group.

39. The Avant Loan was thereafter transferred to LVNV.

40. LVNV, pursuant to 15 U.S.C. § 1692g, thereafter mailed Mr. Evans a collection letter, seeking to collect the Avant Loan.

41. On information and belief, LVNV mailed Plaintiff a second collection letter which also sought to collect the Avant Loan and has made written demand for payment, either itself or

through an authorized third-party agent working on its behalf, from Mr. Evans in the last 12 months.

42. LVNV also reported the purported "debt" to the major consumer credit reporting agencies ("CRAs"), including Experian, monthly, beginning May 2018. **SEE PLAINTIFF'S EXHIBIT B.**

43. Reporting a debt to a CRA is an attempt to collect the debt alleged therein. *See, e.g., Edeh v. Midland Credit Management, Inc.,* 748 F. Supp. 2d 1030 (D. Minn. 2010) ("The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver.")

44. LVNV certified to the CRAs that the debt it was reporting as "in collection" – the Avant Loan – was a legitimate, lawful debt.

45. LVNV knew, or should have known, that it was collecting illegal debt from Mr. Evans.

46. LVNV is one of the largest debt buyers in the country and has a team of in-house lawyers advising it on consumer protection statutes.

47. Beyond this, LVNV was in possession of the original loan agreement documents creating the Debt.

48. On information and belief, the usurious interest rate was printed in large, bold type on the Truth in Lending Act disclosure.

49. LVNV has attempted to collect virtually identical, unlawful debts which it purchased from Avant from other Florida consumers, within the last 12 months. Indeed, in some cases, LVNV filed lawsuit attempting to obtain court judgment on these illegal debts. *See, e.g.,*

*LVNV Funding LLC vs. Vanessa Harris,* Case 21-CC-004396, January 20, 2021 (seeking judgment on a purported debt stemming from a loan made at over 36% interest by Avant).

50. Mr. Evans's credit reports and scores have been severely and adversely negatively impacted from LVNV's false reporting that he legitimately owes a debt in excess of $4,000 to LVNV.

51. Mr. Evans suffered severe emotional distress in being subjected to illegal collection actions over a loan by LVNV which he, pursuant to Florida law, does not owe.

52. In and around December 2020, Mr. Evans contacted LVNV several times, offering to settle the debt by paying any remaining principal balance owed. LVNV's collection agent, who identified herself as "Shakima" (spelling phonetic) refused Mr. Evans' offer, and attempted to collect a significantly larger amount from Mr. Evans.

53. Mr. Evans emailed LVNV's customer service address, webcustomerservice@resurgent.com, and explained he feared he could end up being forced into filing bankruptcy if reasonable settlement of the usurious debt was not achieved.

54. Mr. Evans has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

55. Mr. Evans adopts and incorporates paragraphs 1 – 54 as if fully stated herein.

56. LVNV violated **15 U.S.C. § 1692e and 1692e(10)** when it used misleading and deceptive means to attempt to collect a debt by attempting to collect the Debt from Mr. Evans, a Florida resident, both in writing, over the phone, and via credit reporting, claiming a Debt from an unlicensed, non-bank entity, Avant, bearing annual interest exceeding 25%, was a legal, valid, and enforceable debt, when the Avant Loan was null, void, and unenforceable under Florida law.

57. LVNV violated **15 U.S.C. § 1692e(2)(a)** when it made a false representation about the character, amount and/or legal status of a debt by attempting to collect from Mr. Evans, a Florida resident, both in writing, over the phone, and via credit reporting, a Debt from an unlicensed, non-bank entity, Avant, bearing annual interest exceeding 25%, was a legal, valid, and enforceable debt, when the Avant Loan was null, void, and unenforceable under Florida law.

58. LVNV violated **15 U.S.C. § 1692e(8)** when it communicated credit information which was false, and which LVNV knew, or should have known was false, to wit, that a Debt from an unlicensed, non-bank entity, Avant, bearing annual interest exceeding 35%, was a legal, valid, and enforceable debt, and that Mr. Evans thus actually owed the $4,000-plus balance, when he did not owe it as it was null, void and unenforceable against him pursuant to Florida law.

59. LVNV violated **15 U.S.C. § 1692f(1)** when it attempted to collect an amount not authorized by contract or law – to wit, the entire purported Avant Loan debt-- from Mr. Evans through written demands, over the phone, and credit reporting, when the Avant Loan was null, void, and unenforceable under Florida law.

60. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Evans respectfully requests that this Honorable Court enter judgment against LVNV for:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Actual damages exceeding **$5,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE CRCPA

61. Mr. Evans incorporates Paragraphs 1 – 54 as if fully restated herein.

62. LVNV violated **Florida Statute § 772.103(4)** when it conspired with at least one other unknown third party, a contracted, out-of-house collection agent, as well as Avant and WebBank, to collect an unlawful debt - – the Avant Loan – and to use any funds collected in furtherance of LVNV's ongoing enterprises.

63. The Defendants took action in furtherance of this conspiracy, including mailing a collection letter and reporting it to the nationwide CRAs as a purported unpaid debt, damaging Mr. Evans's credit and, in effect, holding his credit report hostage until he paid the unlawful debt.

64. The Defendants have gone so far as to sue Florida residents for debts made under virtually-identical terms as Plaintiff's Avant Loan and have attempted to collect similar debts through credit reporting, phone calls, demand letters, and threats of litigation from hundreds, if not thousands, of other Florida residents.

**WHEREFORE,** Mr. Evans respectfully requests this Honorable Court enter judgment against LVNV, ordering:

a. Threefold the amount of actual damages, or, in the alternate, the statutory minimum of $200, whichever is greater, pursuant to Florida Statute 772.104(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to Florida Statute 772.104(1);

c. An injunction of Estoppel against LVNV from engaging in any further action in violation of Florida law, pursuant to Florida Statute 772.14; and,

d. Any other relief this Court deems equitable and proper under the circumstances.

## COUNT III
## VIOLATIONS OF THE FCCPA

65. Mr. Evans incorporates Paragraphs 1 – 54 as if fully restated herein.

66. LVNV violated Section **559.72(9)**, Florida Statutes, when it attempted to collect the Avant Loan from Mr. Evans via multiple collection letters mailed to him, when the Avant Loan was illegitimate and unenforceable due to the application of interest rates in excess of 35% percent annually on the principal amount of the loan, in violation of Section 687.071, Florida Statutes, and LVNV knew, or should have known, that the Avant Loan was unenforceable in Florida.

67. LVNV violated Section **559.72(9)**, Florida Statutes, when they asserted rights which do not exist, specifically, the right to collect the Avant Loan from Mr. Evans, when the loan was not legally owed pursuant to Florida law.

68. LVNV was in possession of the original loan documents and thus knew, or should have known, that the loan contained an illegal interest rate in Florida.

69. **WHEREFORE**, Mr. Evans respectfully requests this Honorable Court enter judgment against LVNV for:

   a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

   b. Actual damages pursuant to Section 559.77(2), Florida Statutes;

   c. Injunctive relief preventing LVNV from attempting to collect the alleged loan from Mr. Evans pursuant to Section 559.77(2), Florida Statutes;

   d. Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

   e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Evans hereby demands a trial by jury on all issues so triable.

Respectfully submitted on April 6, 2021, by:

                                                                              **SERAPH LEGAL, P. A.**

                                                                              /s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST
A     LVNV's Florida CCA License Record, March 26, 2021
B     Plaintiff's Experian Consumer Disclosure, March 17, 2021 - Redacted

# EXHIBIT A
## LVNV's Florida CCA License Record, March 26, 2021

3/26/2021                                                                 License Details



### Florida Office of Financial Regulation

Update Profile | Logout

**License Details**

Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

**License Number: CCA9902540**                                Current Date: 03/26/2021 10:19 AM

| | |
|---|---|
| Name: | LVNV FUNDING LLC |
| License Type: | Consumer Collection Agency |
| License Status: | Current Active Registration |
| License Status Effective Date: | 10/22/2020 |
| Expiration Date: | 12/31/2021 |
| Original Date of Licensure: | 10/28/2011 |

**Addresses**

**Business Main Address**     Address
6801 S. CIMARRON ROAD
SUITE 424-J
LAS VEGAS , NV
CLARK
89113
US
View on a map

Phone Number:
(702) 692-4012

**Mailing Address**     Address
55 BEATTIE PLACE
SUITE 110
LAS VEGAS , NV
CLARK
89119
US
View on a map

Search Results    New Search Criteria    New Search    Print

# EXHIBIT B
# Plaintiff's Experian Consumer Disclosure, March 17, 2021 - Redacted

3/17/2021                                                    Experian - Access your credit report

TYRONE EVANS | Report number 2028-4283-25 | March 17, 2021 · Print | Close window

**Account name**
AVANT

**Account number**
[redacted]

**Recent balance**
$0 as of 11/28/2017

**Date opened**
06/2016

**Status**
Closed.

222 N LASALLE ST STE 1700
CHICAGO, IL 60601
800 712 5407
**Address identification number**
0771606745

**Sold to**
SHERMAN ORIGINATOR III LLC

**Original creditor**
AVANT

**Type**
Unsecured
**Terms**
48 Months

**Credit limit or original amount**
$5,000
**High balance**
$0
**Monthly payment**
$0
**Recent payment amount**
$0

**Date of status**
11/2017
**First reported**
07/2016
**Responsibility**
Individual

**Comment**
Completed investigation of FCRA dispute - consumer disagrees.
**Comment**
Purchased by another lender.
**Reinvestigation information**
This item remained unchanged from our processing of your dispute in Aug 2020.

**Account history**

| 2017 | | | | | | | | | | 2016 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul |
| OL2 | CO | ND | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

60 days past due as of Aug 2017
30 days past due as of Jul 2017

# EXHIBIT B
## Plaintiff's Experian Consumer Disclosure, March 17, 2021 - Redacted

**Account name**
RESURGENT/LVNV FUNDING

PO BOX 1269
GREENVILLE, SC 29602
866 464 1183
**Address identification number**

**Account number**
[redacted]

**Type**
Debt Buyer
**Terms**
1 Months

**Recent balance**
$4,834 as of
03/03/2021

**Credit limit or original amount**
$4,834
**High balance**

**Date opened**
11/2017

**Date of status**
11/2017
**First reported**
05/2018

**Status**
Collection account.
$4,834 past due as
of Mar 2021.

**Comment**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

---

3/17/2021

Experian – Access your credit report

0427995161

**Original creditor**
WEBBANK

**On record until**
Apr 2024

$0
**Monthly payment**
$0
**Recent payment amount**
$0

**Responsibility**
Individual

**Reinvestigation information**
This item was updated from our processing of your dispute in Jul 2020.

**Account history**

2021  2020                                              2019
Mar Feb  Jan Dec Nov Oct Sep Aug Jul  Jun May Apr Mar Feb Jan  Dec Nov Oct Sep Aug Jul Jun May Apr Mar Feb

2018
Jan Dec Nov Oct Sep Aug Jul Jun May

Collection as of May 2018 to Mar 2021

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Feb 2021: $4,834 / No data / No data / No data
Jan 2021: $4,834 / No data / No data / No data
Dec 2020: $4,834 / No data / No data / No data
Nov 2020: $4,834 / No data / No data / No data
Oct 2020: $4,834 / No data / No data / No data
Sep 2020: $4,834 / No data / No data / No data
Aug 2020: $4,834 / No data / No data / No data
Jul 2020: $4,834 / No data / No data / $0
Jun 2020: $4,834 / No data / No data / No data
May 2020: $4,834 / No data / No data / No data
Apr 2020: $4,834 / No data / No data / No data
Mar 2020: $4,834 / No data / No data / No data
Feb 2020: $4,834 / No data / No data / No data
Jan 2020: $4,834 / No data / No data / No data
Dec 2019: $4,834 / No data / No data / No data
Nov 2019: $4,834 / No data / No data / No data
Oct 2019: $4,834 / No data / No data / No data
Sep 2019: $4,834 / No data / No data / No data
Aug 2019: $4,834 / No data / No data / No data
Jul 2019: $4,834 / No data / No data / No data
Jun 2019: $4,834 / No data / No data / No data
Apr 2019: $4,834 / No data / No data / No data
Apr 2019: $4,834 / No data / No data / No data
Mar 2019: $4,834 / No data / No data / No data
The original amount of this account was $4,834